**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EMILY NICOLE CARRILLO,<br><br>　　　　　　　　　　　Defendant. | Case No. 23-cr-00252-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 34)** |

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

Based these amendments, Defendant Emily Nicole Carrillo now files a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 34.) This Court referred the case to the Federal Defenders Office for an evaluation. (ECF No. 35.) Federal

Defenders has now filed a Status Report concluding "the Court can decide the motion on the existing records without further assistance of counsel." (ECF No. 37.)

Defendant's guideline range after she pled guilty to importation of cocaine and heroin was 46–57 months. She was a zero-point offender, so, under the new guideline calculations, an additional two-point departure in her base offense level would be appropriate, bringing her guideline range to 37–46 months.

However, at sentencing, the Court departed downward for "fast track" because Defendant pled guilty early and waived her right to appeal. In addition, the Court then varied downward because of Ms. Carrillo's family situation. Ultimately, the Court sentenced Defendant to only 18 months in custody concurrent on both counts. (ECF No. 31.) This 18-month sentence would still be below Defendant's guideline range of 37–46 months even after the guideline amendments are applied.

Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 37 months. Since the Court sentenced Defendant to a lower sentence of 18 months and the same Section 3553(a) factors apply that warranted this sentence in the first place, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion to Reduce Sentence (ECF No. 34) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

Hon. Cynthia Bashant
United States District Judge